U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 5 2013

CLERK, U.S. DISTRICT C
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA      §
                              §
VS.                           §    NO. 4:12-CV-741-A
                              §    (NO. 4:10-CR-149-A)
                              §
DAVID MEDRANO                 §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, David

Medrano, under 28 U.S.C. § 2255 to vacate, set aside, or correct

sentence, and a brief in support.  The government filed a

response, and movant filed a reply, titled a "Traverse of the

Government's Response."  The court also granted movant's motion

to supplement with the filing of two declarations.  Having now

considered all of the parties' filings, the entire record of this

case, and applicable legal authorities, the court concludes that

the motion should be denied.

I.

Background

On September 17, 2010, movant pleaded guilty to counts four

and seven of a seven-count indictment.  Count four charged movant

with possession of a controlled substance with intent to

distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B);

count seven charged him with possession of a firearm by a
convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On
December 30, 2010, the court sentenced movant to a term of
imprisonment of 360 months, followed by a four-year term of
supervised release.  The United States Court of Appeals for the
Fifth Circuit affirmed.  United States v. Medrano, 452 F. App'x
469 (5th Cir. 2011) (per curiam).

II.

Grounds of the Motion

Movant asserted four grounds for relief; grounds one, two,
and four each alleged ineffective assistance of counsel as to
movant's attorney, John Sweeney ("Sweeney").  The first ground
alleges that Sweeney incorrectly advised movant that by pleading
guilty he would receive a maximum sentence of eight to ten years.
Movant claims Sweeney also failed to investigate and challenge
the presentence report, and he refused to assist movant in
withdrawing movant's guilty plea.  The second ground similarly
complains that counsel was ineffective because he incorrectly
advised movant his maximum sentence was eight to ten years, and
movant was unaware that he was pleading guilty to a possible
fifty-year sentence based on uncharged conduct.

As to the third ground, movant claims he was denied the

2

right to confront his accusers because the drug quantity was
increased from 88.49 grams to 18,350 grams based on uncharged
conduct of which movant claims he is innocent.  The fourth ground
claims Sweeney was ineffective for failing to hold the government
to the plea agreement.  Specifically, movant contends that
Sweeney advised him that he would receive a reduction in his
sentence for providing substantial assistance, but even though he
provided such assistance, Sweeney failed to hold the government
to the agreed reduction.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal,
courts are entitled to presume that a defendant stands fairly and
finally convicted.  United States v. Frady, 456 U.S. 152, 164
(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.
1991) (en banc).  A defendant can challenge his conviction or
sentence after it is presumed final only on issues of
constitutional or jurisdictional magnitude and may not raise an
issue for the first time on collateral review without showing
both "cause" for his procedural default and "actual prejudice"
resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255
does not offer recourse to all who suffer trial errors, but is

3

reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

A.   Standards Applicable to Claim of Ineffective
     Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  In the context of a guilty plea, to show prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one.

4

<u>Strickland</u>, 466 U.S. at 687, 697.  Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  <u>Id.</u> at 689.  Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by <u>Strickland</u>.

B.   <u>Merits of Claims One, Two, and Four</u>[1]

Movant claims that his guilty plea was unknowing and involuntary because Sweeney advised him that the maximum sentence he faced by pleading guilty was eight to ten years; however, movant did not realize he faced a fifty-year sentence based on uncharged conduct.  In his declaration attached to the motion movant makes several averments pertaining to his guilty plea: had he known that he faced a sentence longer than eight to ten years he would not have pleaded guilty but would have gone to trial; Sweeney never discussed with him the importance of the presentence report or that the court would consider its contents to enhance his sentence; and Sweeney told movant the sentencing guidelines were binding on the court.

---

[1]For efficiency, the court is addressing all of the ineffective assistance of counsel claims together in one section.

The record fails to support movant's assertions.  Movant signed a plea agreement and factual resume, both of which clearly indicated the penalties movant faced for each of the two counts: "imprisonment for not less than 5 years, nor more than 40 years" as to count four, and "imprisonment for a period not to exceed 10 years" as to count seven.  Plea Agreement at 2; see also Factual Resume at 2.

Even accepting the declaration as true, however, movant has failed to show prejudice by any of Sweeney's errors because during his rearraignment hearing the court addressed each of the topics movant raised in his declaration.  During movant's rearraignment hearing, the court explained that the court would determine movant's penalty, whether he pleaded guilty or proceeded to a jury trial.  Rearraignment Tr. at 6.  The court explained that the sentencing guidelines were "advisory only," id. at 8, but that the court was required to consider the guidelines and could under some circumstances depart from them. Id. at 9.  The court explained that it was not bound by facts stipulated between the government and movant but could disregard such facts or take into account facts not otherwise stipulated. Id. at 9.  The court explained the process of preparing the presentence report, its importance, and informed movant that it

"rel[ied] very heavily" on the presentence report in determining
the sentence to impose.  Id. at 11.  Movant testified that he
understood all of the court's explanations.  Id. at 8, 9, 11.

The court further discussed the possible penalties movant
could face if he persisted in his guilty plea, including a term
of imprisonment of between five and forty years and payment of a
fine of two million dollars as to count four, and a term of
imprisonment not to exceed ten years and a fine of up to $250,000
as to count seven.  Movant again testified he understood that he
faced such penalties.  Id. at 23-25.  The same penalties were
clearly stated in the factual resume and plea agreement, and
movant testified that he read and discussed each document with
his attorney before he signed it, and that he knew "exactly what
each one of them said" before he signed it.  Id. at 15-16.
Following the foregoing exchange, the plea agreement was read
aloud, including the potential terms of imprisonment.  The court
interrupted the reading of the plea agreement to ensure that
movant understood the penalties, including the potential term of
imprisonment, he faced by pleading guilty.  Movant testified
affirmatively.  Id. at 24, 25.

At movant's rearraignment hearing the following exchange

also occurred:

>THE COURT: Has anyone--other than those two agreements, has anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?

>DEFENDANT MEDRANO:  No, sir.

Id. at 29-30.  The court also asked movant if he understood that if his sentence was more severe than he anticipated after pleading guilty he would not have the right to withdraw his plea, and movant testified affirmatively.  Id. at 30.  After all of the previous discussion, movant still pleaded guilty.  Id. at 31.

The result of all of the foregoing is that movant heard and understood the effect of the presentence report and sentencing guidelines, and repeatedly heard, and testified that he understood, the potential penalties and sentencing range he faced if he pleaded guilty.

A criminal defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court.  DeVille v. Whitley, 21 F.3d

654, 659 (5th Cir. 1994).

The government in its response noted that to obtain habeas relief on the basis of an alleged promise that is inconsistent with movant's representations in open court, movant had to prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant is also required to produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." <u>Id.</u>

To support his contentions regarding Sweeney's alleged promises, movant provided two declarations, one from his daughter, Christa Medrano ("Christa"), and one from his wife, Claudia Medrano ("Claudia"). Christa's declaration states:

> 1.   I went to the court house with my mom on September 17, 2010 when my father pleaded guilty and I heard Mr. Sweeney tell my mom that my dad is facing 8 to 10 years.
>
> 2.   On December 30th my dad got sentenced to 30 years and after court in the hallway of the court house Mr. Sweeney was upset with the sentencing that my dad got he said my dad should have got 8 to 10 years not the 30 years.

Christa Declaration (errors in original). Claudia's declaration

similarly states:

> 1.  My husband David Medrano called me from Parker
> County federal detention center in September 2010 and
> let me know that Mr. Sweeney came to see him and he
> pleaded guilty to 2 counts and would be facing 8 to 10
> years.
>
> 2.  September 17, 2010 I was told by Mr. Sweeney at the
> court house that my husband David Medrano is facing 8
> to 10 years and will be pleading guilty today.
>
> 3.  On December 30, 2010 my husband David Medrano was
> sent to 30 years.  Mr. Sweeney was angry that my
> husband got 30 years instead of the 8 to 10 years and
> will file a direct appeal.

Claudia Declaration.  Even assuming that movant's wife and

daughter qualified as "reliable" third parties, the court finds

that neither their sparse declarations, nor the averments in

movant's declaration, are sufficient to overcome the overwhelming

evidence in the record that movant knew he faced far more than

eight to ten years by pleading guilty.  The plea agreement,

factual resume, and the repeated admonishments by the court, as

well as movant's testimony that he had received no promises to

induce him to plead guilty, are too great a barrier to be

overcome by the self-serving, after-the-fact assertions now

before the court.  Stated differently, movant's "showing [on this

ground] is inconsistent with the bulk of [his] conduct [and]

otherwise fails to meet [his] burden of proof in the light of

other evidence in the record." <u>Cervantes</u>, 132 F.3d at 1110.

    Movant also claims that Sweeney was ineffective for failing
to assist him in withdrawing his guilty plea.  A criminal
defendant has no absolute right to withdraw his guilty plea, and
whether or not to grant such a request is within the court's
discretion.  <u>United States v. Brewster</u>, 137 F.3d 853, 857-58 (5th
Cir. 1998).  The defendant bears the burden to show a "fair and
just reason" for seeking to withdraw the plea.  <u>United States v.
Powell</u>, 354 F.3d 362, 370 (5th Cir. 2003).  Factors to be
considered in evaluating a motion to withdraw include (1) whether
the defendant asserted his innocence; (2) whether withdrawal
would prejudice the government; (3) whether the defendant
delayed in filing his withdrawal motion; (4) whether withdrawal
would substantially inconvenience the court; (5) whether close
assistance of counsel was available; (6) whether the original
plea was knowing and voluntary; and, (7) whether withdrawal would
waste judicial resources.  <u>Brewster</u>, 137 F.3d at 857-58.

    Had Sweeney filed a motion to withdraw movant's guilty plea,
the court would have found it to be without merit.  Movant does
not now assert he is innocent of the conduct to which he pleaded
guilty; rather, he objects to a specific quantify of drugs
included in the presentence report.  Movant pleaded guilty to a

quantity of "at least 50 grams or more." Factual Resume at 2.
That he disagreed with the amount of drugs later attributed to
him in the presentence report does not change his guilty plea.

Additionally, movant at all times had the close assistance
of counsel. And based on the plea agreement, factual resume, and
movant's representations and the court's admonishments during the
rearraignment hearing, the court found that movant's guilty plea
was knowing and voluntary. The court finds nothing in the record
of movant's criminal case or in the instant motion that would
have caused it to grant a motion to withdraw the plea. Sweeney
was not ineffective for failing to file a frivolous motion.
Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

Movant's claims that Sweeney failed to investigate the
presentence report is likewise without merit. A claim of failure
to investigate must allege with specificity what the
investigation would have revealed and how it would have altered
the outcome of the proceedings. United States v. Green, 882 F.2d
999, 1003 (5th Cir. 1989). Plaintiff's claim is wholly
conclusory and fails to make the required showing. Accordingly,
movant's first and second ground for relief fail.

Ground four, movant's other ineffective assistance claim,
fares no better. Movant's plea agreement stated that if he

"provided substantial assistance in the investigation or prosecution of others, the government may file a motion urging sentence consideration for that assistance." Plea Agreement at 4. The plea agreement also required movant to provide "truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities." Id. at 3. Movant also signed a proffer letter wherein the government agreed to consider movant's assistance based upon truthful information he provided.

The record shows that movant met with the government on two occasions under the proffer letter. In his interviews, movant initially stated he was not aware of anyone dealing narcotics, denied his own conduct until confronted with contrary evidence, and generally gave vague, unhelpful information. Movant cannot show that he provided the type of "substantial assistance" contemplated by the plea agreement or proffer. Accordingly, any motion by Sweeney to enforce the agreement would have been meritless. Counsel is not required to file futile motions. Clark, 19 F.3d at 966.

C.   Movant's Last Claim

Movant's only claim not pertaining to ineffective assistance of counsel is that the drug quantity was increased through the

13

use of untried and uncharged conduct.  Movant failed to raise

this claim on appeal.  Movant "may not raise an issue for the

first time on collateral review without showing both 'cause' for

his procedural default, and 'actual prejudice' resulting from the

error."  <u>Shaid</u>, 937 F.2d at 232 (internal citation omitted).

Movant has failed make such a showing.  Further, "[t]he

sentencing judge is entitled to find by a preponderance of the

evidence all the facts relevant to the determination of a

Guideline sentencing range and all facts relevant to the

determination of a non-Guidelines sentence."  <u>United States v.</u>

<u>Mares</u>, 402 F.3d 511, 519 (5th Cir. 2005).  This claim also fails.

V.

<u>ORDER</u>

Therefore,

The court ORDERS that the motion of David Medrano to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be,

and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

Procedure, Rule 11(a) of the Rules Governing Section 2255

Proceedings for the United States District Courts, and 28 U.S.C.

§ 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

    SIGNED March 15, 2013.

JOHN McBRYDE
United States District Judge